# LEWIS v DEPARTMENT OF EDUCATION
## Case No. 87-0506
State of Florida, Division of Administrative Hearings
July 8, 1987

## APPEARANCES OF COUNSEL

No appearance for petitioner.

**J. David Holder** for respondent.

## OPINION OF THE COURT

WILLIAM J. KENDRICK, Hearing Officer.

Pursuant to notice, the Division of Administrative Hearings, by its duly designated Hearing Officer, William J. Kendrick, held a public hearing in the above-styled case on May 20, 1987, in Miami, Florida.

### PRELIMINARY STATEMENT

At issue in this proceeding is whether the application of Petitioner for a teaching certificate should be approved.

At hearing, neither Petitioner nor anyone on his behalf appeared. Respondent called as witnesses: Rodney Polite, Richard Elamin, Patrick Gray, and Marlene T. Greenfield. Respondent's exhibits 1-6 were received into evidence.

The transcript of hearing was filed June 23, 1987, and the parties were granted leave until July 6, 1987, to file proposed findings of fact and conclusions of law. No proposed findings of fact were filed on behalf of either party.

## FINDINGS OF FACT

1. Petitioner, Chester K. Lewis (Lewis), applied to the Respondent, Department of Education (Department), for a Florida teacher's certificate. By letter of January 15, 1987, the Department advised Lewis that his application had been denied, and Lewis filed a timely request for formal hearing.

2. Pertinent to this case, the application for teacher's certificate posed the following questions, and Lewis gave the following answers:

## IV - FULL TIME TEACHING EXPERIENCE

| School Year | State | District (County) | School | Grades taught or if departmental-ized subjects taught | No months taught in school term | Type Certi-ficate Held |
|---|---|---|---|---|---|---|
| | | | * | * * | | |
| 1982 to 1983 | FL | Dade | Edison Park Elem. | | 9 | |
| 1983 to 1984 | " | Dade | Edison Park | | 9 | . |
| 1984 to 1985 | FL | " | Edison Park | | 9 | |
| 1985 to 1986 | FL | Dade | Edison Park Elem. | Varied | 9 | |

**V PLEASE CHECK ONE YES X · NO ___**

Have you ever been convicted or had adjudication withheld in a criminal offense other than a minor traffic violation or are there any criminal charges now pending against you other than minor traffic violations? If yes, you must give complete details for each charge. Please attach a separate sheet if additional space is needed.

| Where Arrested | Dates | Nature of Charge(s) | Disposition(s) |
|---|---|---|---|
| Dade County | May 6, 1982 | Trespassing Resist-ing Arrest | Nolo Contendere 9 mos served 1/19/83 |

**VI NOTARIZATION**

I hereby certify that I subscribe to and will uphold the principles incorporated in the Constitutions of the United States of America and the State of Florida. I understand that Florida Statutes provide for revocation of a teacher's certificate if evidence and proof is established that the certificate has been obtained by fraudulent means. I further certify that all information pertaining to this application is true, correct and complete.

/s/ Chester K. Lewis
Signature of Applicant

Sworn to and subscribed before me this ___3rd___ day of ___June___, 1986.

_____ ___/s/_____
My Commission Expires Seal and Signature of Notary Public

194

3. Contrary to the sworn representations in part IV of the application, that he had been employed full time by the Dade County School Board for the school years 1982-83 through 1985-86, the proof established that Lewis was employed by the Dade County School Board as follows:

(a) For the 1982-83 school year Lewis was employed as a per diem (daily) substitute teacher, and worked only 29 days between March 1983 and June 1983.

(b) For the 1983-84 school year Lewis was employed as a daily substitute teacher, and worked at 5 different schools between November 1983 and June 1984 for a total of only 5 ½ days.

(c) For the 1984-85 school year Lewis was employed as a daily substitute teacher, and worked at 5 different schools between October 1984 and June 1985 for a total of only 15 days.

(d) For the 1985-86 school year Lewis was employed as a daily substitute teacher, and worked only 1 day during that school year.

4. With respect to Lewis' response to part V of the application, the proof established that by Information filed May 27, 1982, in the Circuit Court of Dade County, Florida, Case No. 82-11708, he was charged with aggravated assault (Section 784.021(1)(a), *Florida Statutes*), battery upon a law enforcement officer (Sections 784.03 and 784.07, *Florida Statutes*), and resisting an officer with violence to his person (Section 843.01, *Florida Statutes*). On January 19, 1983, Lewis entered a plea of nolo contendere, and the court sentenced him to a term of imprisonment of nine months.

5. Regarding the substance of the charges, the proof established that on May 6, 1982, at or about 11:00 p.m., in Dade County, Florida, Lewis did commit the crimes of aggravated assault (Section 784.021(1)(a), *Florida Statutes*), battery upon a law enforcement officer (Sections 784.03 and 784.07, *Florida Statutes*), and resisting an officer with violence to his person (Section 843.01, *Florida Statutes*).

6. At the aforesaid time and date, a uniformed Florida Highway Patrol Officer (trooper) responded to a request for assistance at the home of a female complainant (complainant) who professed a fear that Lewis would harm her. While at the complainant's residence, the trooper took a telephone call from Lewis, identified himself as a trooper with the Florida Highway Patrol, and asked Lewis what the problem was. Lewis replied:

I don't care who the fuck you are. If I get over there in 15 minutes and you're there I'm going to kill you.

**195**

7. Approximately 15 minutes later, Lewis drove up to the residence. The trooper then told Lewis:

Look, we don't need a problem. Just leave. She doesn't want to be bothered with you. Just leave so we don't have a problem with you.

Lewis responded, "Fuck you", sped down the street, and turned the car to face the trooper. Lewis then sped his car at the trooper, who barely avoided injury by jumping out of the way of Lewis' vehicle. Lewis then drove his car into an alley, and as the trooper approached from the rear Lewis attempted to back his car over the trooper. Again the trooper barely avoided injury.

8. Subsequently, Lewis jumped from the car, and ran toward the complainant's residence. At that time the trooper removed the keys from the ignition of Lewis' car, and pursued Lewis. Fortunately, a backup unit from the Metro-Dade Police Department arrived and Lewis fled to his car and tried to lock himself inside. The trooper, noting that the front passenger door was open, entered the vehicle to arrest Lewis. During the course of the trooper's efforts to arrest him, Lewis repeatedly punched and kicked the trooper.

9. Lewis' conduct demonstrated gross immorality or an act involving moral turpitude. His conduct was inconsistent with the standards of public conscience, and was sufficiently notorious to bring himself and his profession into public disgrace or disrespect. Due to such notoriety, Lewis' service in the community, as well as his effectiveness in the school system, has been severely impaired.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the parties to, and the subject matter of, these proceedings.

2. Section 231.17(6)(a), *Florida Statutes,* provides:

The Department of Education is authorized to deny an applicant a certificate if it possesses evidence satisfactory to it that the applicant has committed an act or acts or that a situation exists for which the Education Practices Commission would be authorized to revoke a teaching certificate.

3. Pertinent to this case, Section 231.28(1), *Florida Statutes,* provides:

The Education Practices Commission shall have authority to suspend the teaching certificate of any person as defined in s. 228.041(9) or (10) for a period of time not to exceed 3 years, thereby denying that person the right to teach for that period of time, after which the

196

holder may return to teaching as provided in subsection (4); to revoke the teaching certificate of any person thereby denying that person the right to teach for a period of time not to exceed 10 years, with reinstatement subject to the provisions of subsection (4); to revoke permanently the teaching certificate of any person; or to impose any other penalty provided by law, provided it can be shown that such person:

\* \* \*

(c) Has been guilty of gross immorality or an act involving moral turpitude;

\* \* \*

(f) Upon investigation, has been found guilty of personal conduct which seriously reduces that person's effectiveness as an employee of the school board.

4. The proof established that Lewis violated the provisions of Section 231.28(1)(c) and (f), *Florida Statutes.* Consequently, the Department is, pursuant to Section 231.17(6)(a), *Florida Statutes,* authorized to deny his application for a Florida teacher's certificate.

## RECOMMENDATION

Based on the foregoing Findings of Fact and Conclusions of Law, it is RECOMMENDED:

That the application of Petitioner, Chester K. Lewis, for a Florida teacher's certificate be DENIED.

DONE AND ORDERED this 8th day of July, 1987, in Tallahassee, Florida.